IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEBRA A. SIMMONS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. WGC-06-2260 |
| | ) | |
| SAFEWAY INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Pending before the Court and ready for resolution are Plaintiff's Motion for Remand (Document No. 11) and Plaintiff's Motion for Leave to Amend Complaint[1] (Document No. 12). Defendant filed a combined Opposition (Document No. 13). No hearing is deemed necessary and the Court now rules pursuant to Local Rule 105.6 (D. Md. 2004).

By way of background, Plaintiff Debra Simmons and her husband Robby Simmons filed a two count Complaint demanding $400,000 in damages in the Circuit Court for Prince George's County, Maryland. Specifically, Plaintiff Debra Simmons sought $300,000 in damages against the Defendant in Count I[2] and $100,000 in damages against the Defendant in Count II.[3] On August 30, 2006, Defendant filed a Petition for Removal pursuant to 28 U.S.C. § 1441(a). *See*

---

[1] When this motion was filed, Robby Simmons was a party Plaintiff. On November 14, 2006, the Court granted Plaintiff's Line of Dismissal, dismissing Count II of the Complaint and dismissing Robby Simmons as a party to this litigation. *See* Order of November 14, 2006 (Document No. 17).

[2] Plaintiff Debra Simmons alleges sustaining serious, painful, and permanent bodily injuries resulting in a great amount of pain, suffering and mental anguish in the past, the present and the future.

[3] This Count, which has been dismissed, alleges the Simmons, as husband and wife, have suffered injury to the marital relationship as a direct result of the Defendant's negligence including mutual loss of services, society and consortium.

Document No. 1.  On September 11, 2006, Plaintiff filed an Opposition to Petition for Removal and Motion for Remand.  Contemporaneously, Plaintiff filed a Motion for Leave to Amend Complaint.  Plaintiff seeks to amend her Complaint by reducing the demand for damages to $75,000 exclusive of interests and costs.  If the court grants the motion to amend, Plaintiff asserts this Court would lack subject matter jurisdiction.

Plaintiff contends her motion for leave to amend her complaint should be granted because she has no improper motive for amending her complaint.  Citing *Harless v. CSX Hotels, Inc.*, 389 F.3d 444 (4th Cir. 2004), Plaintiff notes motions to amend complaint are typically granted absent an improper motive.  Plaintiff argues her case is analogous to *Harless*.  Plaintiff never intended for her case to be tried in federal court.  Her intention instead was for the case to be tried in the Circuit Court for Prince George's County.  Plaintiff therefore moves to reduce her damages claim from $400,000 to $75,000 to keep the case in state court.  Plaintiff offers to sign a stipulation returning the case to federal court if the demand amount ever exceeds $75,000.

In its Opposition Defendant claims Plaintiff's motion to amend the *ad damnum* clause "appears to simply be an attempt to defeat federal jurisdiction without any other meritorious or substantive justification."  Document No. 13, at 1.  Plaintiff does not explain why her original $400,000 demand for damages is no longer valid.  Contrary to *Harless*, Defendant asserts this case does not involve pendent federal and state claims in the original Complaint "that evidence an arguably valid reason for amending other than to avoid federal jurisdiction."  Document No. 13, at 1.  Defendant asks the Court to deny Plaintiff's Motion to Amend and Motion for Remand.

Generally, in an action based on diversity of citizenship, the amount in controversy is

measured at the time of the commencement of the state court action and at the time of removal. *Sayers v. Sears, Roebuck & Co.*, 732 F. Supp. 654, 656 (W.D. Va. 1990). When Plaintiff filed her Complaint in state court, she alleged $400,000 in damages. The $400,000 claim was in effect at the time of removal. "[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). Plaintiff could have prevented the removal of her case from state court by alleging damages in an amount below $75,000. "If [Plaintiff] does not desire to try [her] case in the federal court [she] may resort to the expedient of suing for less than the jurisdictional amount, and though [she] would be justly entitled to more, the defendant cannot remove." *Id.* at 294. Plaintiff's post-removal attempt to reduce the amount in controversy does not oust this Court of its jurisdiction. The motion for remand will be denied.

When considering a motion to amend under Federal Rule of Civil Procedure 15, "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). In this case Plaintiff admits she seeks to amend her Complaint for the ***sole*** purpose of defeating federal jurisdiction. "Plaintiff[] in this case never intended for [her] case to be tried in federal court. Plaintiff's intention in bringing this action in the Circuit Court for Prince George's County was to try this case in state court." Document No. 12, at 5.

When a plaintiff initiates a suit in state court and that suit is subsequently removed,

"[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . ." *St. Paul Mercury*, 303 U.S. at 290. As noted by Defendant, Plaintiff has not explained why the original $400,000 demand for damages is no longer valid. *See* Document No. 13, at 1. Because Plaintiff's *sole* purpose in seeking leave to amend her Complaint is to defeat federal jurisdiction, because this Court has determined that its jurisdiction is based on the amount of controversy alleged at the time of removal, and because this Court will deny Plaintiff's motion for remand, the Court finds Plaintiff's motion for leave to amend the *ad damnum* clause to $75,000 is futile. The motion for leave to amend will be denied.

For the foregoing reasons, an Order will be separately entered denying Plaintiff's motions.

December 19, 2006                                                     /s/
_____                    _____
    Date                                                     WILLIAM CONNELLY
                                                    UNITED STATES MAGISTRATE JUDGE